UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CORINA GALVEZ,<br><br>　　　　　　　　　　Respondent. | Case No.: 25-CV-407 JLS (MMP)<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(ECF No. 1) |

On February 24, 2025, Petitioner Marian Anthony ("Petitioner") filed a Notice of Removal ("Notice," ECF No. 1). Subsequently, on February 27, 2025, Plaintiff filed a Motion for Writ of Mandamus; an Emergency *Ex Parte* Request for Relief, Order, and Hearing; and an Emergency *Ex Parte* Motion to Dismiss Improper Procedure by Debora Cumba and Strike. *See* ECF Nos. 2, 3, 4.

On March 5, 2025, the Court issued an Order directing Petitioner to show cause as to why subject matter jurisdiction exists over this matter. ECF No. 6 ("Order"). Specifically, the Court noted that Petitioner's Notice of Removal was deficient as it did not include a copy of the initial pleading, leaving the Court unable to identify the case Petitioner sought to remove to federal court. *Id.* at 2. And the Court expressed that, to the extent Petitioner was intending to remove a family matter involving child support from the Superior Court of California, County of San Diego, "federal courts must decline

1

jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." *Id.* at 2–3 (first quoting *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); then citing *Csibi v. Fustos*, 670 F.2d 134, 137–38 (9th Cir. 1982); and then citing *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986)).

On March 24, 2025, Petitioner filed a Motion for Writ of Prohibition and Stay and a Notice of Lodgment of Transcripts and Documents. ECF Nos. 7, 8. The next day, Petitioner filed his Response to the Order to Show Cause. ECF No. 9 ("Resp."). In his Response, Petitioner clarifies that he is seeking to remove the San Diego Superior Court Case No. 19FL005322N. *See id.* at 1 ("Petitioner Marian Anthony submits this response . . . addressing concerns about subject matter jurisdiction over the removal of San Diego Superior Court Case No. 19FL005322N involving Respondent Galvez."). Petitioner argues that there is jurisdiction "based on constitutional claims, diversity, and state court failures necessitating federal oversight of deprivation of right under color of law predicated by fraud, including fraud upon the court[.]" *Id.* at 2. Respondent did not file a reply. *See generally* Docket.[1]

As Petitioner has now identified the case he seeks to remove, the Court evaluates whether removal is proper. The Court finds it is not.

The federal removal statute provides that "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*" to the appropriate federal district court. 28 U.S.C. § 1441(a) (emphasis added). In the context of § 1441(a), "the term 'defendant' refers only to the party sued by the original plaintiff[.]" *Home Depot U.S.A. Inc. v. Jackson*, 587 U.S. 435, 437 (2019).

---

[1] The Court also notes that, on April 2, 2025, Petitioner filed a Motion to Set Aside Property Settlement Agreement for Declaratory Judgment Regarding Nature of Stipulated Equity Agreement, Fraud, Diversity and Stay (ECF No. 11) along with a Notice of Lodgment of Documents in Support (ECF No. 12). The same day, Petitioner filed a Petition for Writ of Prohibition by Improper Procedure of Hearing Officer Deborah Cumba (ECF No. 13) and a Notice of Lodgment of Documents in Support (ECF No. 14).

1 | Petitioner is not a defendant in the state action he wishes to remove.[2] Accordingly, this Court lacks jurisdiction and may not allow this case to proceed in federal court. *See e.g.*, *Sharma v. HIS Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170–71 (9th Cir. 2022) (finding district court erred by failing to remand where the party who removed the case was not a named defendant); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–08 (1941); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").[3]

In light of the foregoing, the Court **REMANDS** case 19FL005322N to the Superior Court of California, County of San Diego. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 4, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Petitioner has not attached the underlying complaint to his Notice of Removal as required by 28 U.S.C. § 1446. However, Petitioner has attached a Superior Court "Register of Actions" in 19FL005322N, identifying him as the Petitioner and Corina Galvez as Respondent. Exhibit A2, ECF No. 1-2 at 2. And Petitioner does not argue he is a defendant in the underlying action or provide any reason for the Court to believe he is the defendant; rather, he consistently refers to himself as the Petitioner and Corina Galvez as Respondent.

[3] As the Court finds removal was improper, the Court does not reach whether it must otherwise decline jurisdiction over this action based on the domestic relations exception to jurisdiction. *See Buechold,* 401 F.2d at 372; *see also Csibi,* 670 F.2d at 137–38.