# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                    Petitioner,<br><br>v.<br><br>CORINA GALVEZ,<br><br>                    Respondent. | Case No.: 25-CV-407 JLS (MMP)<br><br>**ORDER DENYING PETITIONER'S *EX PARTE* MOTION FOR RELIEF UNDER 60(b)**<br><br>(ECF No. 16) |

Presently before the Court is Petitioner Marian Anthony's ("Petitioner") *ex parte* Motion to Vacate Remand Under FRCP 60(b) With Memorandum of Points and Authorities in Support ("Mot.," ECF No. 16). Petitioner's Motion seeks an order relieving him from this Court's April 4, 2025 Order ("Remand Order," ECF No. 15) remanding this action to state court.

## BACKGROUND

On February 24, 2025, Petitioner filed a Notice of Removal ("Notice," ECF No. 1). However, such removal did not include a copy of the initial pleading Petitioner sought to remove. Subsequently, on February 27, 2025, Plaintiff filed a Motion for Writ of Mandamus; an Emergency *Ex Parte* Request for Relief, Order, and Hearing; and an Emergency *Ex Parte* Motion to Dismiss Improper Procedure by Debora Cumba and Strike. *See* ECF Nos. 2, 3, 4.

1  On March 5, 2025, the Court issued an Order directing Petitioner to show cause as to why subject matter jurisdiction existed over the matter. ECF No. 6. Specifically, the Court noted that Petitioner's Notice of Removal was deficient as it did not include a copy of the initial pleading, leaving the Court unable to identify the case Petitioner sought to remove to federal court. *Id.* at 2. And the Court expressed that, to the extent Petitioner was intending to remove a family matter involving child support from the Superior Court of California, County of San Diego, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." *Id*. at 2–3 (first quoting *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); then citing *Csibi v. Fustos*, 670 F.2d 134, 137–38 (9th Cir. 1982); and then citing *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986)).

On March 24, 2025, Petitioner filed a Motion for Writ of Prohibition and Stay and a Notice of Lodgment of Transcripts and Documents. ECF Nos. 7, 8. The next day, Petitioner filed his Response to the Order to Show Cause. ECF No. 9. In his Response, though still not providing the underlying Complaint, Petitioner clarified that he sought to remove the San Diego Superior Court Case No. 19FL005322N. *See id.* at 1 ("Petitioner Marian Anthony submits this response . . . addressing concerns about subject matter jurisdiction over the removal of San Diego Superior Court Case No. 19FL005322N involving Respondent Galvez."). Petitioner argued there was jurisdiction "based on constitutional claims, diversity, and state court failures necessitating federal oversight of deprivation of right under color of law predicated by fraud, including fraud upon the court[.]" *Id.* at 2. Respondent did not file a reply. *See generally* Docket.

As Petitioner identified the case he sought to remove, the Court evaluated whether removal was proper, and concluded it was not. Specifically, the Court emphasized that Petitioner was not alleged to be a defendant in the state action he wished to remove, and accordingly, the Court found it lacked jurisdiction and could not allow this case to proceed in federal court. *See e.g.*, *Sharma v. HIS Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170–71 (9th Cir. 2022) (finding district court erred by

failing to remand where the party who removed the case was not a named defendant); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–08 (1941); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").[1] The Court then remanded the case 19FL005322N to the Superior Court of California, County of San Diego and Petitioner's case before this Court was closed. *See* Remand Order.

Subsequently, Petitioner filed a Motion to vacate that Remand Order because "newly discovered evidence–100+ hours of body-worn camera recordings obtained on July 15, 2024—reveals Defendant Corina Galvez's perjury, including false allegations of gun threats, and state collusion in malicious prosecution, violating Plaintiff's Fourth, Fifth, Seventh, and Fourteenth Amendment rights." Mot. at 3.

### ANALYSIS

Petitioner's Application does not address a threshold question: whether the Court has jurisdiction to review its Remand Order. The Court has an independent obligation to ascertain whether it has jurisdiction, and determines that it does not.

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court . . . is not reviewable on appeal or otherwise." The review bar of § 1447(d) applies "to remands based on the grounds specified in § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006) ("[W]e have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.'"). Section 1447(c) "has been universally construed to preclude not only appellate review but also reconsideration by the

---

[1] As the Court otherwise found removal was improper, the Court did not reach whether it would also be required to decline jurisdiction over this action based on the domestic relations exception to jurisdiction. *See Buechold,* 401 F.2d at 372; *see also Csibi,* 670 F.2d at 137–38.

district court." *Sheedman v. U.S. Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) (district court barred from reconsidering its own remand order). Conversely, "if the district court lacked authority to remand under § 1447(c), appellate review is not precluded." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("[Section] 1447(d) does not preclude review if the district court lacked authority to remand under § 1447(c) in the first instance."); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 937 (9th Cir. 2006) ("[T]aken together, §§ 1447(c) and (d) bar appellate review of a remand order only if the district court had authority to remand under § 1447(c).").

Here, the Court remanded the action based on a lack of subject matter jurisdiction—a ground specified in § 1447(c) that the Court may raise on its own. Specifically, the Court observed that Petitioner did not allege he was a defendant in the underlying action, rather he consistently referred to himself as "Petitioner" and Corina Galvez as "Respondent," titles which were supported by his attached "Register of Actions" in 19FL005322N, which indicates he is the Petitioner in a "Dissolution with Minor Children." Exhibit A2, ECF No. 1-2 at 2. But § 1441(a) specifically limits removal to properly sued defendants, and "contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Sharma*, 23 F.4th at 1170 (finding district court erred by failing to remand where the party who removed the case was not a named defendant).

As such, the Remand Order "was based on a lack of subject matter jurisdiction, a ground set forth in § 1447(c), and therefore, under § 1447(d) it is not subject to review—either on appeal or on reconsideration by the district court." *Origo Fin. Servs. Inc. v. PAR Movie LLC*, No. 2:24-cv-06439-AB-PD, 2024 WL 4502030, at *3 (C.D. Cal. Sept. 24, 2024); *see also Smith*, 761 F.3d at 1044 (holding that if the district court had the power to remand *sua sponte* under 1447(c), section 1447(d) applies and there would be "no jurisdiction to review even if the remand was erroneous").

///

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate Remand Under FRCP 60(b) (ECF No. 16) on the ground that the Court lacks jurisdiction to reconsider its Remand Order remanding the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: April 29, 2025

Hon. Janis L. Sammartino
United States District Judge